IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In Re

PROCEDURES IN STAY RELIEF
MATTERS

ORDER CONTINUING STAY IN
EFFECT PENDING PRELIMINARY
HEARING AND ESTABLISHING
PROCEDURES FOR RESOLUTION OF
STAY RELIEF MOTIONS

The Movant having filed a Motion for Relief from Stay (the "Motion") in the above-captioned proceeding and an objection thereto having been filed;

**IT IS ORDERED THAT:**

1. The provisions of Local Bankruptcy Rule 4001-1 shall apply to all further proceedings on the Motion, except as modified by this Order.

2. Unless otherwise ordered by the Court, the provisions of Rule 26(a)(1), (d), (e)(1), (f),and (g)(1), Federal Rules of Civil Procedure (as amended 1993), otherwise made applicable to this proceeding by Rules of Bankruptcy Procedure 9014 and 7026, shall not apply to further proceedings on the Motion.

3. A. Movant's counsel may schedule a preliminary hearing on the Motion on one of the dates and times listed on the Court's website at www.azb.uscourts.gov provided that seven (7) days' notice of such hearing must be provided to debtor, debtor's counsel, any other respondents, and all other persons entitled to notice under applicable rules and procedures, and their counsel. To obtain the current list of available hearings, select "Judges Procedures," then "Judge Case."

B. A copy of the Procedure Order **MUST** be attached to the Notice of Hearing for notice to be effective.

C. A copy of the ECF receipt for the Notice **MUST** be emailed to cgcecfhearing@azb.uscourts.gov at least 7 days prior to the hearing in order for the matter to be properly calendared. Failure to email the receipt will result in the hearing having to be continued to a later date and time and renoticed.

D. Hearings will be held in Courtroom No. 601, 6th Floor, United States Bankruptcy Court, 230 N. 1st Ave. Phoenix, Arizona.

4. Prior to the preliminary hearing, counsel for all parties shall have personally consulted about <u>all</u> issues regarding the Motion including, but not necessarily limited to the following,

>(A) whether an evidentiary hearing is required; if so, the dates for discovery cut off, exchanging lists of witnesses and copies of all exhibits, filing the <u>joint</u> pretrial statement and when the parties will be ready for the evidentiary hearing and the amount of time requested for the hearing;
>
>(B) the briefing schedule by which <u>all</u> memoranda will be filed;
>
>(C) all factual matters which are not disputed;
>
>(D) all factual matters which are disputed;
>
>(E) the scheduling of a further hearing(s), preliminary or final, on the Motion and such other issues as any party deems material. The parties shall cooperate in timely discussing all such issues prior to the hearing.

5. Any witnesses not identified in the Joint Pretrial Statement and exhibits not identified in and exchanged at the time of the Joint Pretrial Statement will not be heard or admitted into evidence. The failure of any party to cooperate in and/or timely comply with these procedures may result in the imposition of sanctions against such party and/or the attorney for such party.

6. Based on a review of the entire record in the pending case, all the pleadings, and such notice and opportunity for hearing as are appropriate in these circumstances, the Court finds it appropriate to continue the stay in full force and effect pending the preliminary hearing and further order of this Court.

7. **The parties are advised that the Court's intention is to resolve the motion at the preliminary hearing**. In the event the motion is not so resolved and the Court sets a final hearing, the presentation of direct evidence at such hearing shall be governed by the following procedures:

>a. Each party shall serve upon the other party(ies) all documentary evidence (including, subject to subparagraph (b) hereof, appraisal reports and other expert documentary evidence) it intends to introduce at least fourteen (14) days before the final hearing. The parties shall attempt in good faith to stipulate to the admissibility of such documentary evidence.
>
>b. Any party intending to introduce appraisal reports or other expert documentary evidence shall comply with F.R.C.P. 26(a)(2), except as modified herein. Such party shall serve a copy of such report or document upon the opposing party as quickly as such report is available and, in any event, within such time that the deposition of such expert, if desired by the other party, can reasonably be scheduled and taken prior to the final

hearing. The proposed timing of such disclosure shall be taken into account by the Court in setting the time for the final hearing. **Therefore, any request for a continuance of the final hearing based upon the unavailability of such reports or the failure of a party to have taken an expert's deposition will be disfavored.** The parties shall attempt in good faith to stipulate to the admissibility of such documentary evidence.

c. All direct testimony of any expert witness shall or any witness on the amount of debt owed by the debtor, be by declaration. Each party shall file and serve the sworn declarations of all such witnesses at least seven days (7) days before the final hearing. The parties are reminded that the evidence in such declarations must be in admissible form and that adequate foundation must be provided in such declaration(s) for any documentary evidence which has been exchanged but not stipulated into evidence. Any application for permission to introduce direct oral testimony on these subjects shall be served and filed seven (7) days before the final hearing and shall include the names of the witnesses, the subject of their expected testimony, and a statement of the reasons why the testimony cannot be properly introduced by declaration.

d. If a party intends to cross-examine any of the opposing party's declarants, or to object to the admissibility of any part of the opposing party's declarations, that party shall so notify the opposing party by telephone at least three (3) days before the hearing and shall simultaneously file with the Court and serve upon opposing counsel a list of any such objections.

8. **If the parties settle this matter, they shall immediately notify this Court and file a stipulation and order, or other appropriate pleadings, which shall provide, among other things, for the vacating of all scheduled hearings. Counsel for the movant shall immediately serve a copy of this Order on the debtor, debtor's counsel and any other respondent(s) (and such respondent's counsel named in the Motion.**

Dated: _____

**HONORABLE CHARLES G. CASE II**
**U.S. BANKRUPTCY JUDGE**